[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#128)
On July 24, 1995, the plaintiff, Ford Consumer Finance Co., filed an amended one count complaint in foreclosure against the defendants, William J. and Rocco C. Piro. The most recent answer of William Piro appearing in the file is dated July 18, 1995, and sets forth a special defense of a violation of the covenant of good faith and fair dealing.
The plaintiff filed a motion for summary judgment against William Piro on December 26, 1995. Piro filed a memorandum in opposition on January 5, 1996, and a supplementary memorandum on January 16, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). ""`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, A.2d 1994).
The plaintiff moves for summary judgment on his complaint, and has produced evidence of the existence of the note and mortgage executed by the defendants, and an affidavit that the defendants are in default. The plaintiff also argues that William Piro's special defense does not address the making, validity, or enforcement of the note and mortgage in question. William Piro argues that he has alleged a legally sufficient special defense, CT Page 482 therefore, there is a genuine issue of material fact.
Piro has not contested the plaintiff's evidence of the existence of the note and mortgage, and the subsequent default, but rather asserts that he has alleged a legally sufficient special defense. The plaintiff argues that the defense is not legally sufficient in that the plaintiff alleges an oral agreement which does not attack the making, validity or enforcement of the note or mortgage. Piro does not allege whether the agreement was oral or written; however, in order to survive a motion for summary judgment Piro's special defense must not only be legally sufficient, but Piro must also provide evidence in support of that defense in order to show that a genuine issue of material fact exists. Water andWay Properties v. Colt's Manufacturing Co., supra, 230 Conn. 665. Piro has provided no evidence in opposition to the motion for summary judgment. The plaintiff's motion for summary judgment is granted.
HICKEY, J.